## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

| | | |
|---|---|---|
| JOHNATHAN L. SEITZ, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action File No. 2:14-CV-00060 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

COMES NOW Johnathan L. Seitz and files his Complaint against the Defendant, stating as follows:

### Parties, Jurisdiction and Venue

1.

Johnathan L. Seitz is a citizen of the United States and the State of Georgia. He resides at 5885 Dahlonega Hwy, Cumming, Forsyth County, Georgia 30028.

2.

On November 12, 2012, Cynthia F. Wells ("Wells") was employed by the United States Postal Service ("USPS") and was operating a postal delivery truck on Ga 198 in the course and scope of her employment with the USPS.

3.

This is an action arising out of a traffic crash that occurred on November 12, 2012, involving Johnathan Seitz and a postal truck operated by Ms. Wells and the USPS.

4.

This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.* (hereinafter "the FTCA").

5.

The USPS is an independent establishment of the executive branch of Defendant United States of America.  39 U.S.C. § 201.  The USPS is within the FTCA.

6.

In accordance with Fed.R.Civ.P. 4(i), Defendant United States of America (referred to herein as "USPS") was properly served with process by service of the Summons and Complaint sent by registered or certified mail to the Civil Process Clerk, Office of the United States Attorney, 1800 Richard B. Russell Federal Building, 75 Spring Street, S.W., Atlanta, Georgia 30303.

7.

In accordance with Fed.R.Civ.P. 4(i), the Attorney General of the United States was properly served with process by service of the Summons and Complaint sent by registered or certified mail to the Attorney General of the United States, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

8.

By virtue of the facts set forth in this Complaint, this Court has jurisdiction pursuant to 28 U.S.C. § 1346.

9.

Venue for this action is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1402.

10.

On August 2, 2013, the undersigned sent by overnight mail an Administrative Claim to the USPS in accordance with the FTCA for $9,000,000.

11.

Mr. Seitz' Administrative Claim was properly and timely presented to the USPS.

12.

More than six months have passed since the filing of Mr. Seitz's Administrative Claim with the USPS.

13.

On February 19, 2014, the USPS sent, by certified mail to the undersigned attorney for Plaintiff, its written notification denying the Administrative Claim in accordance with 28 U.S.C. § 2675.

14.

This action is timely filed.

15.

All conditions precedent to the filing of this action have been met.

**Facts**

16.

It was a Saturday afternoon on November 10, 2012. The weather was clear and sunny.

17.

At approximately 1:45 p.m. on that day, Ms. Wells was delivering mail to mailboxes heading east along GA 198.

18.

At the time, Ms. Wells was driving a 2002 Grumman mail delivery truck owned and operated by the USPS.

19.

The posted speed limit on the road was 55 miles per hour, but Ms. Wells drove much slower than that as she delivered mail to the mail boxes along the right hand side of the road.

20.

As Ms. Wells approached each mailbox or set of mailboxes along the side of the road, she would slow her truck and move to the right hand side of and partially off the road.

21.

Ms. Wells was trained to keep a lookout for motorists approaching from the rear as she slowed her mail truck to a stop along the road to deliver the mail.

22.

Throughout the day, as Ms. Wells slowed her truck and then began to pull off to the right side of the road to deliver the mail, motorists would routinely pass her mail truck.

23.

Ms. Wells was accustomed to vehicles passing her as she was pulled over to deliver mail; this was a common occurrence.

24.

Ms. Wells was trained to check her mirrors for traffic approaching her from the rear before accelerating and fully re-entering the roadway in case someone was passing her postal truck.

25.

Whenever Ms. Wells was done placing the mail into the mailboxes along the road, Ms. Wells always made sure to first look for vehicles approaching from behind or that were passing her.

26.

If Ms. Wells saw vehicles approaching her from behind to pass or that were already in the process of passing her, she would not proceed forward but would let those motorists pass her before she attempted to proceed forward.

27.

Ms. Wells was aware that she needed to be cautious of traffic passing her mail truck as she delivered mail to the mailboxes along the GA 198.

28.

As Ms. Wells was delivering mail to the mail boxes along GA 198 on that sunny Saturday afternoon, Mr. Seitz was also out on GA 198 riding his motorcycle eastward to a job site.

29.

As Mr. Seitz came around a curve in the road, he saw Ms. Wells' postal truck ahead of him, pulling away from a cluster of mailboxes where Ms. Wells had just delivered mail.

30.

The road was fairly straight as they headed east on GA 198.

31.

Because Ms. Wells was travelling below the speed limit, Mr. Seitz caught up to her postal truck as she approached the next mailbox on Ga 198.

32.

The head light on Mr. Seitz' Harley Davidson was turned on and burning bright.

33.

Mr. Seitz' motorcycle would have been visible to Ms. Wells, if she had looked in her rear view mirrors.

34.

As Ms. Wells' postal truck got closer to the next mailbox, her truck slowed and began moving to the right.

35.

Mr. Seitz saw that no traffic was approaching ahead of them and began to pass Ms. Wells as she slowed her postal truck.

36.

Just as Mr. Seitz began to pass Ms. Wells' postal truck, she made a sudden turn to the left cutting off and striking Mr. Seitz' motorcycle.

37.

As Mr. Seitz was passing her postal truck, Ms. Wells made a left hand turn towards a private driveway.

38.

Mr. Seitz attempted to avoid the collision, but was unable to do so.

39.

Before initiating her turn, Ms. Wells did not use her left turn signal to warn that she was intending to make a left hand turn.

40.

Had Ms. Wells used her left hand turn signal, Mr. Seitz would not have attempted to pass her.

41.

Before initiating her turn, Ms. Wells did not do anything to warn Mr. Seitz that she was intending to make a left hand turn.

42.

Had Ms. Wells warned Mr. Seitz that she was intending to make a left turn, Mr. Seitz would not have attempted to pass her.

43.

Before initiating her turn, Ms. Wells did not use her mirrors to look for traffic approaching from behind.

44.

Had Ms. Wells used her mirrors to look for traffic approaching from behind, Mr. Seitz' motorcycle would have been visible to her.

45.

Before initiating her turn, Ms. Wells did not use her mirrors to look for traffic that was in the process of passing her postal truck.

46.

Had Ms. Wells used her mirrors to look for traffic that was in the process of passing her postal truck, Mr. Seitz' motorcycle would have been visible to her.

47.

Had Ms. Wells seen in her mirrors that Mr. Seitz' motorcycle was in the process of passing her postal truck, she would not have turned left.

48.

Ms. Wells did turn left as Mr. Seitz was passing her.

49.

Prior to making her left turn, Ms. Wells gave no warning to Mr. Seitz that she was intending to make a left turn.

50.

Ms. Wells' postal truck cut him off, striking his motorcycle and catching Mr. Seitz' right leg.

51.

The collision forced Mr. Seitz and his motorcycle into a ditch on the left side of the road.

52.

As a direct result of Ms. Well's aggravated negligence, Mr. Seitz suffered severe injuries, including an open fracture of his right tibia and fibula and a compound ankle fracture with dislocation.

53.

Mr. Seitz was airlifted to Atlanta Medical Center.

54.

For more than month, doctors performed a number of procedures in an effort to repair his leg.

55.

Mr. Seitz' injuries were so severe that the doctors were not able to repair his leg.

56.

On December 18, 2012, Mr. Seitz' doctors amputated his right leg below his knee.

57.

Mr. Seitz has undergone extensive rehabilitation but remains seriously compromised.

58.

Mr. Seitz's medical expenses are in excess of $1,100,000.00.

59.

His doctors expect that he will need regular medical care and will incur medical expenses for the rest of his life.

60.

Mr. Seitz has suffered wage losses and will continue to suffer wage losses into the future.

61.

Mr. Seitz has suffered significant past pain, suffering and mental anguish and will continue to experience significant future pain, suffering and mental anguish.

62.

Mr. Seitz has suffered a loss of his capacity to earn a living.

63.

As a direct result of Ms. Well's aggravated negligence, Mr. Seitz suffered severe and debilitating personal injuries, including but not limited to a leg amputation, as well as severe and debilitating emotional injuries.

64.

All of the above-referenced damages were proximately caused by the negligence of Ms. Wells.

## Count One - Negligence

65.

Plaintiffs hereby reassert and re-allege the allegations contained in paragraphs one (1) through fifty-nine (59) above as if fully set forth herein.

66.

At all times material hereto, Ms. Wells and USPS owed Plaintiff a duty to operate her vehicle in an ordinary careful and non-negligent manner and to follow the laws of the State of Georgia and the rules of the road.

67.

While in the course and scope of her employment with the USPS, Ms. Wells breached those duties and was negligent in at least the following ways:

    a.    She was driving recklessly;

    b.    She failed to keep a proper and diligent lookout;

    c.    She failed to keep proper control of her vehicle;

    d.    She failed to take reasonable steps to avoid the collision at issue;

e.  She failed to perform a reasonable and proper pre-trip inspection of her postal truck;

f.  She operated a vehicle that was improperly maintained; and

g.  She was otherwise negligent by failing to use ordinary care and by failing to employ prudent conduct while driving.

68.

As a direct result of the negligence Ms. Wells and USPS, Mr. Seitz endured tremendous personal injury and severe pain and suffering, both physical and emotional.

69.

By virtue of the negligence of Ms. Wells and USPS, Defendant USA is liable to Mr. Seitz for all of the damages resulting from that negligence, including, but not limited to the loss of his leg, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering under a theory of agency and *respondeat superior*.

## Count Two - Negligence *Per Se*

70.

Plaintiffs hereby reassert and re-allege the allegations contained in paragraphs one (1) through sixty-four (64) above as if fully set forth therein.

71.

Ms. Wells and USPS violated the Georgia statutory rules of the road, including O.C.G.A.§§ 40-6-123, 40-6-241, and 40-6-390.

72.

Ms. Wells and USPS also violated the Georgia statutory law, including O.C.G.A.§§ 40-8-23, 40-8-25 and 40-8-26.

73.

As a motorist on this state's roadways, Mr. Seitz fell within the class of persons these laws were intended to protect.

74.

Injury resulting from motor vehicle collisions was the harm that these laws were intended to guard against.

75.

Mr. Seitz was injured as a direct and proximate result of Ms. Wells and USPS' violation of O.C.G.A. §§ 40-6-123, 40-6-241, 40-6-390, 40-8-23, 40-8-25 and 40-8-26.

76.

Ms. Wells and USPS' violation of O.C.G.A. §§ 40-6-123, 40-6-241, 40-6-390, 40-8-23, 40-8-25 and 40-8-26 constitutes negligence *per se*.

77.

As a direct result of the negligence *per se* of Ms. Wells and USPS, Mr. Seitz suffered extensive damages, including, but not limited to the loss of his leg, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering personal injury and severe pain and suffering, both physical and emotional.

78.

By virtue of the negligence *per se* of Ms. Wells and USPS, Defendant USA is liable to Mr. Seitz for all of the damages resulting from that negligence *per se*, including, but not limited the loss of his leg, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering under a theory of agency and *respondeat superior*.

## Count Three - Negligent Entrustment And Supervision

79.

Plaintiffs hereby reassert and re-allege the allegations contained in paragraphs one (1) through seventy-two (72) above as if fully set forth therein.

80.

Defendant USA, as Ms. Wells' employer, had a duty to supervise Ms. Wells in a reasonably prudent fashion, as well as a duty not to entrust a motor vehicle to a person who is incompetent to drive by reason of physical or mental condition, or by a known habit of recklessness.

81.

Mr. Seitz attempted to avoid the collision, but was unable to do so.

82.

On November 10, 2012, Ms. Wells reported for work and picked up the postal truck that she was driving at the time of the collision.

83.

At that time, Defendant USA negligently entrusted the postal truck to Ms. Wells.

84.

Defendant USA knew or should have known that Ms. Wells was not qualified, not properly trained, and/or otherwise not safe to drive.

85.

Defendant USA was otherwise negligent in supervising Ms. Wells and entrusting Ms. Wells with a USPS postal delivery truck.

86.

As a direct result of Defendant USA's negligent entrustment and negligent supervision of Ms. Wells, Mr. Seitz suffered extensive damages, including, but not limited to the loss of his leg, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering personal injury and severe pain and suffering, both physical and emotional.

87.

By virtue of Defendant USA's negligent entrustment and negligent supervision of Ms. Wells, Defendant USA is liable to Mr. Seitz for all of the damages resulting from that negligence, including but not limited to the loss of his leg, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering.

**WHEREFORE,** Plaintiff requests the following:

a. That Defendant be served with process;

b. That Plaintiff, Jonathan L. Seitz have and recover from Defendant USA an amount shown by the evidence to fully compensate for his injuries, including but not limited to the loss of his leg, hospital bills, medical bills, lost wages, loss of earning capacity, mental anguish, and conscious pain and suffering; and

c. That Plaintiff have such other and further relief to which he may be entitled as determined at the trial of this case.

Dated this 27th day of March 2014.

                                    FRIED ROGERS GOLDBERG LLC

                                    /s/ *Joseph A. Fried*
                                    JOSEPH A. FRIED
                                    GEORGIA STATE BAR NUMBER 277251
                                    R. SEAN MCEVOY
                                    GEORGIA STATE BAR NUMBER 490918
                                    ATTORNEYS FOR PLAINTIFF

3560 LENOX ROAD, N.E.
SUITE 1250
ATLANTA, GEORGIA 30326-4275
PHONE - 404-591-1800
FAX  - 404-574-6247
joe@frg-law.com
sean@frg-law.com